UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LISA M. S.,

            Plaintiff,

  v.                                                5:23-cv-0374
                                                     (GTS/CFH)

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

OLINSKY LAW GROUP                 HOWARD D. OLINSKY, ESQ.
*Counsel for Plaintiff*
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION     SHANNON FISHEL, ESQ.
*Counsel for Defendant*
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

HON. GLENN T. SUDDABY, United States District Judge[1]

## **DECISION & ORDER**

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Defendant, the Commissioner of Social Security, denying his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The Court

---

[1]    The Hon. Thomas J. McAvoy originally presided over this matter. The case has since be reassigned to the undersigned.

referred the matter to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Magistrate Judge Hummel's Report-Recommendation, issued on July 1, 2024, recommended that the Court grant Defendants' motion for judgment on the pleadings, deny Plaintiff's motion for judgment on the pleadings, and affirm the Commissioner's judgment. (Dkt. No. 17.) Magistrate Judge Hummel found that substantial evidence supports the Commissioner's conclusion that Plaintiff is not entitled to SSI or DIB benefits, and his Report-Recommendation addresses in detail Plaintiff's sole argument regarding the ALJ's findings, which is that the ALJ failed to provide a proper explanation for finding the opinion of treating physician Dr. Triana to be only partially persuasive. Magistrate Judge Hummel rejected Plaintiff's claim that the ALJ had not adequately addressed how his partial rejection of the opinion was supported by and consistent with the record evidence and found that the ALJ's explanation of the evidence, taken as a whole, was "sufficient to demonstrate that he considered the supportability of Dr. Triana's opinion." (*Id.* at 8, 12.) Though the ALJ did not point to specific evidence in finding that Dr. Triana's stated limitations were not consistent with the other evidence in the record, Magistrate Judge Hummel found that the ALJ's detailed explanation of the medical evidence elsewhere in his opinion was sufficient to explain these alleged inconsistencies. (*Id.* at 13.)

Plaintiff filed objections to the Report-Recommendation. (Dkt. No. 18.) When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

2

judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*  "Where, however, an objecting 'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation for clear error.'"  *Weather v. Astrue*, 32 F.Supp.3d 363, 368 (N.D.N.Y. 2012) (quoting *Farid v. Bouey*, 554 F.Supp.2d 301, 307 [N.D.N.Y. 2008]).

     As in her initial brief, Plaintiff argues that the ALJ erred by failing to assign proper weight to Dr. Triana's opinion.  (Dkt. No. 18.)  Defendant argues that the Court should examine the Report-Recommendation only for clear error because Plaintiff simply reiterates her earlier argument that the ALJ failed to explain how the record evidence supports his conclusions about the supportability and consistency of Dr. Triana's conclusions.  (Dkt. No. 19.)  The Court finds that Plaintiff's objections largely track her argument in her opening brief, with the only portion of her objections challenging a finding in the Report-Recommendation (as opposed to challenging the ALJ's findings) being a contention that Magistrate Judge Hummel failed properly to distinguish the facts of this case from a case he relied upon in reaching his conclusion.  (Dkt. No. 18.)  The Court finds that Plaintiff's one minor specific objection is without merit in that, even if the relevant case cited in the Report-Recommendation was found to be distinguishable, such fact would not result in a rejection of the Report-Recommendation because Magistrate Judge Hummel has provided ample other support and explanation for the conclusions reached.  As to Plaintiff's general objections, which are assessed pursuant to a clear-error review, the Court finds that Magistrate Judge Hummel reached the proper conclusion here and no such clear error is apparent.  The Court will therefore accept and adopt the Report-Recommendation for the reasons stated therein.

     **ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Commissioner's judgment is **AFFIRMED** and Plaintiff's Complaint (Dkt No. 1) is **DISMISSED**.

Dated: September 30, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge